UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEWEL EVERN DYER,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN OF MENDOCINO COUNTY JAIL, et al.,<br><br>    Defendants. | Case No. 23-cv-05762-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING IN PART AND DENYING IN PART PENDING MOTIONS**<br><br>Re: Dkt. Nos. 5, 7 |

## INTRODUCTION

Plaintiff, an inmate in Mendocino County Jail ("MCJ"), filed this civil rights action under 42 U.S.C. § 1983 against the unnamed MCJ Warden, two other unnamed "Doe" Defendants, and "Naph-Care," an entity that allegedly provides medical care services at MCJ. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend. Plaintiff's motions are also addressed below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

When liberally construed, Plaintiff's allegations that he is being denied needed spinal surgery implicate his right to due process. (ECF No. 2 at 5, 7-9.) *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (holding the conditions of confinement for a pretrial detainee violate the Due Process Clause of the Fourteenth Amendment if they are sufficiently severe to amount to punishment).[1]

**A. Doe Defendants**

However, there are two problems with the claims against the three unnamed "Doe" Defendants – the MCJ Warden, the "owner/boss" of Naph-Care, the "owner/boss" of the MCJ "maintenance team," Naph-Care, and the State of California. (*Id.* at 7-8.) First, the only allegations against them are their supervisory positions. Plaintiff must allege specific actions or omissions by each of them that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (a plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his or her rights); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (at the pleading stage, "plaintiff must allege facts, not simply

---

[1] In his amended complaint, ordered below, Plaintiff shall indicate if he is a pretrial detainee, if he has been convicted, or if he is confined at the MCJ on some other basis.

1    conclusions, that show that an individual was personally involved in the deprivation of his civil

2    rights"). Plaintiff does not allege any conduct by these Defendants or how they were involved in

3    the alleged violation of his rights. Moreover, the fact that they were supervisors does not, without

4    more, make them legally liable for any actions by MCJ or Naph-Care employees. *See Taylor v.*

5    *List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior

6    liability under Section 1983).

7    The second problem is that, assuming Plaintiff can allege these three "Doe" Defendants

8    were involved in the alleged violations of his rights, Plaintiff has not provided the names of the

9    Defendants. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*,

10   629 F.2d 637, 642 (9th Cir. 1980). Moreover, without the Defendants' proper names and current

11   locations, the United States Marshal cannot serve them, again assuming sufficient facts are alleged

12   as to them. Similarly, Plaintiff has not provided the location for Defendant Naph-Care, which he

13   must do so this Defendant can be served. If Plaintiff is unaware of the Defendants' identity, he

14   may be given an opportunity through discovery to identify them. *Id.* As no Defendants have been

15   served, Plaintiff cannot at this stage conduct discovery under the Federal Rules of Civil Procedure.

16   He can, however, seek the names and locations of Defendants through his own investigation and

17   by subpoena. If and when any Defendants are served, he may also engage in discovery without

18   need for further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1.

19   Plaintiff may file an amended complaint to cure the above deficiencies.

20   **B. Defendant State of California**

21   The claim against the State of California must be dismissed without leave to amend. In

22   addition to Plaintiff not alleging any facts showing how the state was involved in violating his

23   rights, the Eleventh Amendment bars from the federal courts suits against a state by its own

24   citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State*

25   *Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Because the State of California is immune from

26   suit under the Eleventh Amendment, this claim is dismissed without leave to amend.

27   **C. Motions for Copies and Injunctive Relief**

28   Plaintiff has also filed a "Motion for Indigent Copies and Temporary Injunction for

1  Release" (ECF No. 5) and a "Motion for Emergency Preliminary Injunction" (ECF No. 7). In the
2  first, he seeks copies of numerous documents filed in his other cases. Plaintiff may obtain such
3  copies by completing and filing the Court's photocopy request form, which the Clerk will send to
4  him.

5  In both motions, Plaintiff seeks immediate release from custody based upon the allegedly
6  contaminated water at MCJ. Release from custody is a remedy that must ordinarily be sought in a
7  petition for a writ of habeas corpus, not a civil rights complaint. *See Skinner v. Switzer*, 562 U.S.
8  521, 533-34 (2011) (habeas is the "exclusive remedy" for an inmate who seeks "'immediate or
9  speedier release'" from confinement). Furthermore, any immediate injunctive relief in the form of
10 a temporary restraining order ("TRO") or a preliminary injunction may only be granted if: (1) it
11 clearly appears from specific facts shown by affidavit or by the verified complaint that immediate
12 and irreparable injury, loss or damage will result to the applicant before the adverse party or the
13 party's attorney can be heard in opposition, and (2) the applicant's attorney[2] certifies in writing the
14 efforts, if any, which have been made to give notice and the reasons supporting the claim that
15 notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff's motions do not satisfy either
16 requirement. So, these motions must be denied without prejudice to Plaintiff filing a petition for a
17 writ of habeas corpus in a new case to seek release from custody, or to Plaintiff filing a renewed
18 motion in this case for a TRO or preliminary injunction that complies with the requirements of
19 Rule 65(b).

## CONCLUSION

21 For the foregoing reasons,

22 1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an
23 amended complaint on or before **March 1, 2024**. The amended complaint must include the
24 caption and civil case number used in this order (No. C 23-5762 JSC (PR)) and the words
25 "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended
26 complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262

---

[2] As Plaintiff does not have an attorney and is representing himself, he can make this certification himself.

(9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. Plaintiff shall also indicate in his amended complaint if he is currently a pretrial detainee, or is instead serving a sentence at MCJ following a conviction or is confined at the MCJ on some other basis. **If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, the case will be dismissed.**

2. The "Motion for Indigent Copies and Temporary Injunction for Release" (ECF No. 5) is GRANTED IN PART insofar as the Clerk shall send Plaintiff a photocopy request form. This motion is otherwise DENIED without prejudice. The "Motion for Emergency Preliminary Injunction" (ECF No. 7) is DENIED without prejudice.

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

This order resolves docket numbers 5 and 7.

**IT IS SO ORDERED.**

Dated: January 2, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge